

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 6 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

ZACHARY LEDGER,                        §
                                       §
            Petitioner,                §
                                       §
VS.                                    §   No. 4:18-CV-956-A
                                       §   (Consolidated with
BILL WAYBOURN, Sheriff,                §   No. 4:19-CV-542-A)
Tarrant County, Texas,                 §
                                       §
            Respondent.                §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2241 filed by petitioner, Zachary Ledger, a state
pretrial detainee presently confined in the Tarrant County jail,
against Bill Waybourn, sheriff of Tarrant County. Having reviewed
the petition, the court finds that it should be dismissed based
on petitioner's failure to exhaust state-court remedies.

### I. Factual Background

Petitioner is awaiting trial in Tarrant County, Texas, Case
Nos. 1520264D and 1579187R, on two counts of aggravated robbery
(Resp't's Resp. 2 & Exs. A & B, doc. 10.)

### II. Issues

The clerk of court received for filing petitioner's habeas
petition in case No. 4:18-CV-956-A on November 29, 2018, in which
petitioner asserts the following grounds for federal habeas
relief:

(1)  he has continuously suffered ineffective

assistance of court-appointed counsel;

(2) his pro se motions filed in case No. 1520264D have not "been honored" or brought to the trial court's attention; and

(3) his bail is "oppressively high."

(01Pet. #1 6-9, doc. 1.[1])

The clerk of court received petitioner's second habeas petition on July 10, 2019, in which petitioner raises the following claims:

(1) the "court process" and the scheduling of his court dates violates his right to due process;

(2) the trial court has refused to "hear" his applications for state habeas relief; and

(3) the indictments are defective and lack elements of a true indictment.

(02Pet. #2 6-11, doc. 1.)

### III. Discussion

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241. Second, the petitioner must have fully exhausted available state remedies

---

[1]Petitioner's pleadings, save for his "Motion to Introduce Further Supporting Evidence" (doc. 25), are not paginated; thus, the pagination in the ECF headers is applied. "01Pet." and "02Pet." refer to petitions in case No. 4:18-CV-956-A and 4:19-CV-542-A, respectively

before seeking federal habeas relief.[2] *Dickerson*, 816 F.2d at 224. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a pretrial detainee must present his claims to the Texas Court of Criminal Appeals before seeking relief in federal court. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters,* 985 F.2d at 795.

Petitioner has filed an avalanche of pleadings in this court, however he neither asserts nor demonstrates that he has sought and exhausted any and all state remedies available to him. In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas

---

[2]While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding. As the Fifth Circuit explained:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to petitioner.

*Dickerson,* 816 F.2d at 225 (citing *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 489-92 (1973)).

corpus pursuant to article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). If the trial court denies habeas relief under article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman,* 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne,* 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)). If a state district court denies an application for writ of habeas corpus, the applicant has the right to appeal. TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). Although the record reflects that petitioner has filed one or more pretrial state habeas applications in the district court, there is no indication that the application(s) were denied and that petitioner appealed any such denial. (Resp't's Resp. Ex. I, doc. 10; Pet'r's Resp. Exs. H & I, doc. 21.) Thus, petitioner has failed to fully exhaust his state-court remedies. Nor does he demonstrate the absence or ineffectiveness of the state corrective processes or "exceptional circumstances" to obviate the exhaustion requirement.

Petitioner asserts that his original bond of $350,000 is "oppressively high." (Respt's' Resp. 6, doc. 10.) However, he acknowledges that his bond currently stands at $75,000 in both

4

pending cases. (Pet.'r's Resp. 14, doc. 21.)

Petitioner asserts that his first court-appointed attorney, Hamida A. Abdal-Khallaq, was deficient by failing to file requested motions—such as a motion to reduce bail, a motion for speedy trial, and a motion for discovery; failing to visit him in jail "from November 2017 until September 2018"; pressuring him to accept a plea bargain; and failing to contact his parents. (01Pet. 6-7, doc. 1.) However, counsel was permitted to withdraw in July 2019 based largely upon petitioner's refusal to cooperate with her in preparation of his June 24, 2019, trial setting and the conflict created by petitioner's filing of formal grievance against counsel. (Resp't's Supp. Resp. 4, doc. 19; Pet.'r's Reply Br. Ex. B, doc. 22.) Substitute counsel was appointed thereafter, however petitioner now asserts that he has been granted permission by the trial court to proceed pro se. (Resp't's Supp. Resp. Ex. I, doc. 19; Pet.'r's Mot. to Introduce Further Supporting Evid. 2, doc. 25.) Petitioner is no longer represented by Ms. Abdal-Khallaq and his ineffective-assistance claims can be properly litigated in a post-conviction state habeas application. To the extent petitioner asserts that he has been denied a speedy trial in state court, pre-trial federal habeas relief is generally not available to consider a habeas petitioner's Sixth Amendment speedy-trial claim. *See Dickerson,* 816 F.2d at 226.

Petitioner asserts that his pro se motions have not "been

5

honored" or brought to the trial court's attention. (01Pet. 8,
doc. 1.) Petitioner also asserts that the trial court has refused
to "hear" his pro se state habeas applications. (02Pet. 8, doc.
1.) However, a criminal defendant who is represented by counsel
has no constitutional right to demand that a court also consider
pro se arguments, pleadings, or motions. It is well established
that a criminal defendant does not have the right to hybrid
representation. *See Myers v. Johnson,* 76 F.3d 1330, 540 (5th Cir.
1996). The trial court is not required to address petitioner's
pro se pleadings or motions during the time he is, or was,
represented by counsel, and the trial court properly disregarded
all such pleadings and motions.

Petitioner asserts that, in violation of his right to due
process, the trial court, the state, and his original attorney
engaged in a conspiracy to delay his trial and force him to
accept a plea bargain and that the "court process" and the
scheduling of his court dates violates his right to due process.
(02Pet. 7, doc. 1.) Petitioner, however, presents no evidentiary
basis for his conspiracy theory. Absent evidence in the record,
this court cannot consider such bald assertions on a critical
issue, unsupported and unsubstantiated by anything else contained
in the record, to be of probative evidentiary value. *See Ross v.
Estelle,* 694 F.2d 1011-12 (5th Cir. 1983).

Finally, petitioner asserts that the indictments are

6

defective and lack elements of a true indictment. (02 Pet. 9, doc. 1.) Petitioner fails to demonstrate that he has raised a challenge to the indictments in the state trial court. Nevertheless, as with the previous claims, adequate state remedies are available for the claim in his criminal case.

In summary, petitioner has provided no proof that he has exhausted state remedies available to him in the state courts or demonstrated circumstances warranting federal court interference in the normal functioning of the state's criminal processes. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Thus, federal-court interference in the normal functioning of the state's criminal processes is not warranted at this juncture. *See Carden v. Montana,* 626 F.2d 82, 83-84 (9th Cir. 1980). Texas has adequate and effective state procedures for review of any constitutional claims petitioner may have in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." Braden, 410 U.S. at 493. A federal court should abstain from considering a state prisoner's constitutional claims out of deference to the state courts. After the state proceedings are concluded, federal habeas proceedings can be instituted by petitioner after he has exhausted his state remedies. This petition should be dismissed without prejudice to his right to seek federal habeas-corpus relief after the state proceedings are

concluded.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for failure to exhaust his state-court remedies as to the grounds raised. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED December ___16___, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE